**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martine Park,<br><br>    Plaintiff,<br><br>v.<br><br>Lon Halvorson,<br><br>    Defendant. | No. CV-24-08176-PCT-JAT<br><br>**ORDER** |

  Plaintiff, pro se, filed this case in Flagstaff Justice Court. Plaintiff's complaint is in a narrative form that generally alleges that Defendant, Lon Halvorson, is responsible for Plaintiff's unpaid medical debts. (Doc. 1-1 at 14). Plaintiff claims she "worked hard" for Defendant's company, which the Court interprets as an allegation that Plaintiff formerly worked for Defendant and that her claim for payment of her medical bills arises from that relationship. (*Id.*).

  Defendant removed this case to federal court claiming it arises under ERISA. (Doc. 1 at 2). Specifically, although the narrative complaint does not say this, Defendant asserts: "Plaintiff's complaint asserts a claim for benefits under a Group Medical Plan ('the Plan') provided by Defendant's former employer. The Plan is an employee welfare benefit plan established by the employer and is governed by … ERISA." (*Id.*).

  Notwithstanding his argument that this case arises under ERISA, Defendant claims that he cannot be sued under ERISA because he is not a proper Defendant under ERISA. (Doc. 6 at 1-2). Specifically, Defendant states, "Defendant denies that he is a proper

defendant in this matter, denies having any legal responsibility for the losses alleged to be incurred by Plaintiff, and denies that any of the actions or decisions alleged in the Complaint can legally be imputed to him." (*Id*.).  Defendant's denials undercut his argument that this case arises under ERISA because, typically, when a case really "arises" under ERISA, a defendant who is responsible for payment of benefits under an ERISA plan is sued.

Additionally, the Court has read the complaint multiple times, and while the legal basis for the complaint is unclear, what is clear is that Plaintiff claims *Lon Halvorson* owes the money for her unpaid medical debt. (Doc. 1-1 at 14).  Specifically, Plaintiff claims, "[Lon Halvorson was] to pay $6500 of the medical bills and I was to pay around 600…." (*Id.*).  In other words, Plaintiff does not suggest that an insurance company (through an ERISA plan or otherwise) improperly denied her benefits.  Thus, it is not at all clear to this Court that Plaintiff is making a claim for benefits that would invoke ERISA jurisdiction.

Based on the foregoing, the Court is doubtful it has subject matter jurisdiction because it is unclear that this case actually arises under ERISA.[1]  Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 997 (9th Cir. 2007). Thus, the Court is not inclined to read into Plaintiff's complaint claims that are not present solely to create federal subject matter jurisdiction.  This conclusion is bolstered by the fact that Defendant's interpretation of the complaint is very favorable to *him* because he claims he cannot be liable under ERISA.[2]

Moreover, if this case in fact arises under ERISA, the Court is in a procedural conundrum.  Defendant answered the complaint and did not move to dismiss, which triggers a scheduling order under Federal Rule of Civil Procedure 16. Typically, an ERISA scheduling order requires the defendant to file the administrative record, then the parties file opening, response and reply briefs regarding the claim for benefits based on the

---

[1] *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–94, (1998) (federal courts may raise subject matter jurisdiction sua sponte).

[2] *See generally Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc) (discussing who qualifies as a proper defendant under ERISA).

administrative record. Here, however, based on Defendant's answer, Defendant presumably does not have the administrative record and would argue he is not the proper party to brief the benefits issue. Conversely, if this Court issued a traditional scheduling order setting deadlines for completing discovery and disclosing experts, that would be inconsistent with an ERISA case. There is no realistic way for this Court to process a case in which Defendant claims the case arises under ERISA while simultaneously claiming (via the answer) that this case cannot proceed under ERISA.

Finally, it is the burden of the party asserting federal subject matter jurisdiction to establish jurisdiction. *Nishimoto v. Federman–Bachrach & Assoc.,* 903 F.2d 709, 712 n.3 (9th Cir.1990). In this case, Defendant removed the case to federal court and, thus, has the burden. For all of the foregoing reasons, the Court finds that Defendant has failed to sustain his burden of showing that this case arises under ERISA. If at any point Plaintiff amends her complaint to make a claim for benefits that more clearly invokes ERISA, Defendant can re-removed to federal court. But on this record, the Court cannot conclude that this case arises under ERISA.

Therefore,

**IT IS ORDERED** remanding this case to the Flagstaff Justice Court, County of Coconino, due to lack of federal subject matter jurisdiction.

Dated this 1st day of October, 2024.

James A. Teilborg
Senior United States District Judge